Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
Email: ykim@kimlf.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARGOT MALDONADO and SERGIO D. FIORARANCIO, *individually and on behalf of those similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | Civil Action No. 2:19-cv-04610-SDW-SCM<br><br><br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

Plaintiffs, Margot Maldonado and Sergio D. Fiorarancio, by way of Class Action Complaint against Defendant, Portfolio Recovery Associates, LLC, states:

**1. NATURE OF THE ACTION**

1. Plaintiffs bring this action for damages against Defendant arising from Defendant's violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p.

**2. JURISDICTION AND VENUE**

2. This Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue in this action properly lies in the District of New Jersey as Defendant regularly does business in this district.

## 3. PARTIES

4. Plaintiff, Margot Maldonado ("Maldonado"), is a natural person residing in Bergen County, New Jersey.

5. Plaintiff, Sergio D. Fiorarancio ("Fiorarancio"), is a natural person residing in Mercer County, New Jersey.

6. Defendant Portfolio Recovery Associates, LLC ("Defendant" or "PRA") is a debt collector located at 120 Corporate Boulevard, Norfolk, Virginia 23502, who purchases defaulted consumer debts for pennies on the dollar.

## 4. FACTS

**A. Background**

7. PRA is not in the business of extending credit, selling goods or services to consumers.

8. PRA regularly collects or attempts to collect past-due or defaulted debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

9. PRA is in the business of collecting past-due or defaulted debts or alleged debts of natural persons.

10. PRA uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting past-due or defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

11. PRA is engaged in the collection business.

**B. False Threat of Interest**

12. PRA has asserted that Plaintiffs incurred or owed certain financial obligations arising from accounts which debts arose from one or more transactions which were primarily for Plaintiffs' personal, family, or household purposes ("Debts" or "Accounts").

13. The debts alleged to be owed by Plaintiffs and those similarly situated were incurred for personal, family or household purposes.

14. PRA contends that the Accounts were past-due and in default.

15. Sometime after default, the creditor of the Accounts either directly or through intermediate transactions assigned, placed, transferred or sold the Debts to PRA for collection.

16. The Accounts were past-due and in default when it was placed with or assigned to PRA for collection.

17. In an attempt to collect the Debt from Maldonado, PRA mailed a collection letter to Maldonado on February 2, 2018 a true copy of the collection letter, but with redactions, is attached as *Exhibit A*.

18. PRA's collection letter states: "**Current Balance:** $1,971.68."

19. In an attempt to collect the Debt from Fiorarancio, PRA mailed a collection letter to Fiorarancio on March 23, 2018 a true copy of the collection letter, but with redactions, is attached as *Exhibit B*.

20. PRA's collection letter states: "**Current Balance:** $8,533.91."

21. It is Plaintiffs' understanding and belief that, under the terms and conditions applicable to their use of the Accounts, interest, late charges, and other charges and fees (such as annual fees) could accrue.

22. The least sophisticated consumer would reasonably presume and understand that a credit card account such as a Capital One Bank (USA), N.A. credit card account would, if not paid in full every month, accrues interest and may accrue late charges and other charges and fees. Thus, the least sophisticated consumer would believe the truth of (a) the statement in PRA's collection letters that the stated balance was merely the "Current Balance" as of the date of the respective collection letter, and (b) the implication that the amount due could or would increase if not promptly paid.

23. In fact, however, the balance of the Accounts could not increase and, even if it could increase, PRA never intended to add, would not add, and did not add any lawful interest, late charges, or other fees and charges to increase the balance stated in PRA's collection letters.[1]

24. Although PRA's collection letters qualification of the amount due as "Current Balance" was literally true, such qualification was not a fact necessary to accurately disclose the amount of the Debts. The collection letters would have accurately stated the amount of the debt by stating "The amount due is $ [the exact amount due]." or "The amount of the debt is $ [the exact amount due]." By qualifying the amount due was the "Current Balance", however, PRA failed to accurately state the amount of the Debts, and falsely, deceptively, and misleadingly represented to the least sophisticated consumer that the amount owed to the creditor would or

---

[1] Through counsel, Plaintiff acknowledges decisions from the Seventh Circuit and, later, the Second Circuit addressing the optional use of a four-sentenced safe-harbor formula which, when that language is accurate, allows a debt collector to lawfully state the amount of the debt when that amount is changing over time. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000); *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016). Thus, the use of the formula will not provide a safe-harbor when it would be inaccurate to do so. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362 (7th Cir. 2018).

could increase over time—indeed, that the amount owed had already changed by the time the collection letter was received days later.

25.     PRA's collection letters effect of leading a consumer to conclude that the amount due is not static but, instead, could increase, materially affects the decision of the least sophisticated consumer whether to pay the debt because, with limited resources and the inability to pay all debts, such a consumer would rationally pay a debt with a balance that was increasing due to interest before paying an otherwise identical debt with a static balance.

26.     On information and belief, the collection letters attached as Exhibit A and B are mass-produced, computer-generated form letters—that is, it was created by merging electronically-stored information about the debts with an electronically-stored template—that is mailed to consumers in the State of New Jersey, such as Plaintiffs, from whom PRA were attempting to collect a debt.

### 5.  CLASS ACTION ALLEGATIONS

27.     It is Defendant's policy and practice to mail written collection communications, in the form exemplified in Exhibit A and B, in an attempt to collect consumer debts.

28.     Plaintiffs bring this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

29.     Subject to discovery and further investigation which may cause Plaintiffs to modify, narrow or expand the following class definition at the time Plaintiffs move for class certification, Plaintiffs seek certification of the Class initially defined as follows:

> **All natural persons to whom a letter from Portfolio Recovery Associates, LLC, was mailed to a New Jersey address on or after February 2, 2018, in an attempt to collect a Capital One Bank (USA), N.A. debt to which stated the amount of the debt to be the "Current Balance".**

30. Plaintiffs seek to recover statutory damages, attorney's fees and costs on behalf of all Class members under the Fair Debt Collection Practices Act.

31. The Class Claims are those claims arising under the Fair Debt Collection Practices Act arising from a letter mailed in an attempt to collect a debt owed or allegedly owed to Capital One Bank (USA), N.A. which stated the amount of the debt to be the "Current Balance".

32. The Class is so numerous that joinder of all members is impracticable and, on information and belief, exceeds forty members.

33. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the class and will foster economies of time, effort and expense.

35. Plaintiffs' claims are typical of the claims of the members of the Class.

36. The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

37. Plaintiffs do not have interests antagonistic to those of the class.

38. The Class, of which Plaintiffs are a member, is readily identifiable.

39. Plaintiffs will fairly and adequately protect the interests of the Class and have retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of

experience in handling class actions, consumer and other complex litigation, and claims of the type asserted in this action.

40. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

41. Plaintiffs do not anticipate any difficulty in the management of this litigation.

### 6. FIRST COUNT: VIOLATIONS OF THE FDCPA

42. The allegations contained in the preceding paragraphs are incorporated herein and are reasserted as if repeated at length.

43. PRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

44. The Debts are "debts" as defined by 15 U.S.C. § 1692a(5).

45. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

46. The collection letters attached as Exhibit A and B are "communications" as defined by 15 U.S.C. § 1692a(2).

47. Defendant's mailing of the collection letters to Plaintiffs in attempts to collect the Debts violated the Fair Debt Collection Practices Act (including, but not limited to, 15 U.S.C. §§ 1692e (including subsections 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8), 1692e(9), and 1692e(10)), 1692f (including subsection 1692f(1)), and 1692g (including subsection 1692g(a)(1)).

48. Based on any one or more of those violations, Defendant is liable to Plaintiffs and to the Class for an amount of money as allowed under 15 U.S.C. § 1692k including, but not limited to, damages, costs, and reasonable attorneys' fees.

## 7.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Margot Maldonado and Sergio D. Fiorarancio demand judgment against Defendant, Portfolio Recovery Associates, LLC, as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiffs as representatives of the Class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. An award of actual damages for Plaintiffs and the Class pursuant to 15 U.S.C. § 1692k(a)(1) to the extent the recovery of attorney's fees and costs causes Plaintiffs or the Class a negative tax consequence;

C. For statutory damages in favor of Plaintiffs and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

D. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E. For pre-judgment and post-judgment interest; and

F. For such other and further relief as the Court deems equitable and just.

## 8.   JURY DEMAND

Plaintiffs demand trial by jury as to all issues so triable.

## 9.   CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding except *Linis-Morel v. Portfolio Recovery Associates, LLC*, 2:18-cv-14139-KM-JBC (D.N.J.); and *Dotson v. Portfolio Recovery Associates, LLC*, 2:19-cv-04458-ES-MAH.

KIM LAW FIRM LLC

*s/Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiffs*

Dated: March 25, 2019